IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil No. 4:12-CV-1879 |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PATTON TOWNSHIP POLICE DEPARTMENT, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case, which come before the court for a second statutorily mandated screening review, was originally one of nine cases[1] filed by a *pro se* plaintiff, Isaac Fullman, which involved a common nucleus of operative facts. In each instance the plaintiff alleged that his civil rights were violated in connection with a state criminal prosecution in Centre County for DUI and traffic offenses, or some other summary offense. Yet, in each instance, Fullman revealed that he was convicted of the criminal

---

[1] Fullman v. Patton Township Police Dep't., 4:12-CV-1879; Fullman v. Penn State University Police Dep't., 4:12-CV-1880; Fullman v. Centre County District Attorney's Office, 4:12-CV-1881; Fullman v. State College Borough Police Dep't., 4:12-CV-1882; Fullman v. Ferguson Township Police Dep't., 4:12-CV-1883; Fullman v. Centre County District Attorney's Office, 4:12-CV-2061; Fullman v. Centre County Prison, 4:12-CV-2063; Fullman v. Blaniak, 4:12-CV-2233; Fullman v. Centre County Courthouse, 4:13-CV-325.

1

charges which lie at the heart of these lawsuit. In fact, in some instances Fullman recited that he pleaded guilty to these offenses.

Each of these initial complaints was screened by this court and, in a series of reports and recommendation, we recommended that the complaints be dismissed for failure to state a claim upon which relief may be granted, citing multiple independent grounds for dismissal. First, in many instances, the plaintiff sought to bring claims against individual or institutional parties who could not be sued. Second, a number of Fullman's claims attempted to re-litigate criminal cases in which he had been convicted, something the plaintiff may not do in the guise of a federal civil rights lawsuit. In addition, many of the claims seemingly advanced by Fullman in these nine different complaints were legally flawed in a variety of ways. The district court adopted these recommendations, (Doc. 16.), and ordered Fullman's complaints dismissed, but provided that Fullman would be given leave to file a single, comprehensive amended complaint which would embrace all of his claims in a single document, and would address all of the deficiencies noted in our prior reports and recommendations. (Doc. 16.)

Fullman has now endeavored to comply with this order by filing a document styled as an amended complaint. (Doc. 17.) Regrettably, though, this amended complaint is actually less complete than the initial flawed pleadings filed by the plaintiff. For example, the amended complaint contains no single case caption, and

no clear or comprehensive recital of the defendants Fullman wishes to sue. Instead, the amended complaint appears to simply summarize the nine prior complaints, each of which was found to be flawed in a number of respects by the court. Thus, to the extent that it can be understood the amended complaint merely repeats and compounds many of the problems previously identified in Fullman's initial pleadings. Thus, the amended complaint persists in naming inappropriate parties, and attempts to re-litigate Fullman's various state criminal cases, something we have told him he may not do.

Accordingly, for the reasons set forth below, it is recommended that this amended complaint also be dismissed.

**II.     Discussion**

    **A.     Screening of *Pro Se* Complaints–Standard of Review**

This court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. §

1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

5

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

6

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B.    Fullman Still May Not Bring a Civil Rights Action for False Arrest Based Upon What Are Presently Valid Criminal Convictions and Sentences**

At the outset, this amended complaint fails because it continues to proceed on the flawed legal premise that Fullman may bring a civil rights action premised on claims arising out of valid state criminal convictions which he admits have not otherwise been set aside or overturned.

This he cannot do. Quite the contrary, it is well-settled that an essential element of a civil rights claim in this setting is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law. Hector v. Watt, 235 F.3d 154, 155-156 (3d Cir. 2000). This rule applies with particular force to guilty plea convictions, like the guilty plea convictions in this particular case. Indeed, in a guilty plea setting this court has expressly held that Heck applies and a "plaintiff cannot now challenge the plea agreement which was entered into or argue that his criminal proceedings were somehow 'illegal' Heck v. Humphrey, 512 U.S. 477, 484-88, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)." Imbergamo v. Castaldi, 392 F. Supp. 2d 686, 696 (M.D. Pa. 2005). Rather, in this setting "probable cause is established by a guilty plea" by the criminal defendant/civil rights plaintiff. Shilling v. Brush, CIV 405-CV-871, 2007 WL 210802 (M.D. Pa. Jan. 22, 2007)(citations omitted.) As one court aptly observed when discussing the preclusive effect of a guilty plea on a subsequent federal civil rights lawsuit based upon the state prosecution:

> Upon consideration of the purpose and reasoning behind Heck, it is clear that Plaintiff's . . . claim is not viable. Plaintiff has not met Heck's requirement that his conviction was invalidated through available state or federal remedies. Further, when Plaintiff entered the guilty plea, he, in effect, conceded that he engaged in actions giving rise to probable cause to arrest him for disorderly conduct. Therefore, he is precluded from contesting in this civil suit the probable cause for his arrest. Plaintiff cannot simultaneously concede the existence of "probable

8

> cause and guilt" in the criminal case and object to it in this civil case. To allow Plaintiff to take this position would give rise to "two conflicting resolutions arising out of the same successful prosecution;" that is, a finding that [the] Defendant . . . acted within the bounds of the law in the criminal case, and a finding that he acted outside the bounds of the law in this civil case. See Perez, 351 Fed.Appx. at 790. The Heck decision does not permit such a conflict to exist. Consequently, the . . . claim must be dismissed.

Walthour v. Miller, 795 F. Supp. 2d 317, 324-25 (E.D. Pa. 2011).

In this case it remains clear from Fullman's amended complaint that his prior state criminal prosecutions did not terminate favorably for him, since he admits that he was convicted in each of these state cases, and pleaded guilty to many of these offenses. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor." id., the immutable fact of Fullman's convictions continues to defeat any federal civil rights claims based upon these state criminal cases, and compels dismissal of these claims.

### C. Many of the Parties Named In the Amended Complaint Are Not Proper Party-Defendants

Furthermore, it appears that Fullman continues to name parties as defendants that he has been advised may not be sued for federal civil rights violations. Indeed, Fullman's amended complaint is replete with references to improper party-defendants. For example, it is well-settled that a criminal defendant may not sue

9

prosecutors for their act of filing charges against him since such conduct is cloaked in immunity from civil liability. Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006)(citations omitted).

Similarly, §1983 expressly limits liability to *persons* who violate constitutional rights, a limitation that courts have construed as not reaching county jails as institutions. In short, " the 'County Jail' is not a proper defendant in this § 1983 case[], because it is not a 'person.' See Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J.1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (D.C.Pa.1976); see also Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill.1993) (Cook County Jail not a 'person' under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-94 (E.D.Va.1992) (local jail not a 'person' under § 1983)." Crooks v. Passaic County Sheriff's Dep't/Jail, CIV. 07-0092 (FSH), 2007 WL 923330 (D.N.J. Mar. 26, 2007).

Likewise, a local police department may not be a proper institutional defendant in this action since police departments serve only as an administrative arm of a municipality, and it is a municipality through which any liability must flow to the police department. A police department is not a "person" for purposes of §1983 and

is not a proper defendant in a §1983 action. Golya v. Golya, 2007 U.S. Dist. LEXIS 58093, *29-30 (M.D. Pa. 2007) (explaining that courts within the Third Circuit have concluded that a police department is merely a sub-unit of the local government and is not amenable to suit under §1983); Wivell v. Liberty Township Police Dept., 2007 U.S. Dist. LEXIS 54306, *5-6 (M.D. Pa. 2007) (explaining that police department not subject to suit in a §1983 action).

Complaints under §1983 also require a showing of state action, a requirement which means that Fullman may not sue his own former attorney under this statute since it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, in the absence of some further well-pleaded facts, Fullman may not convert his dissatisfaction with the performance of his state criminal defense counsel into a federal civil rights lawsuit.

In addition, as we have previously explained to Fullman, he may not sue supervisory police and prison officials without alleging proof of direct involvement in wrongdoing by these officials. It is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison supervisor when the incidents set forth in the complaint occurred. Quite the

contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). Here, with respect to many supervisory defendants named in the amended complaint, Fullman does not allege that the defendants directed the conduct complained of by the plaintiff, or had knowledge of that conduct and acquiesced in it. Rather, Fullman simply lists these supervisory officials in the amended complaint without making any factual averments about their conduct in the body of his complaint, a cursory style of pleading is plainly inadequate to state a claim and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

In addition, longstanding common law immunities also apply here and prevent Fullman from maintaining this civil action against any state judicial official. Therefore, to the extent that Fullman endeavors to name court judges in this complaint those officials are entitled to judicial immunity for their actions in these

state criminal proceedings since a judge is absolutely immune from personal liability for any judicial acts, including presiding over a criminal case or sentencing a defendant. See, e.g., Arsad v. Means, 365 F.App'x 327 (3d Cir. 2010); Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000).

Finally, pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The constitutional protections afforded to the states and the state court system under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's unitary court system. These state court agencies, which also enjoy immunity from lawsuit under the Eleventh Amendment, include the various county common pleas courts which are defined by statute as institutions of state government. See, e.g., Walters v. Washington County, No. 06-1355, 2009 WL 7936639 (W.D. Pa. March 23, 2009); Van Tassel v. Lawrence County Domestics Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22, 2009). Therefore, absent an express waiver of the immunity established by the Eleventh Amendment, all of these court agencies, and their employees who are sued in their official capacities, are absolutely immune from lawsuits in federal court.

All of these matters have been previously explained to Fullman by this court but apparently has not been understood by the plaintiff because he has persisted in

renewing these invalid claims against inappropriate party-defendants. We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Since Fullman's amended *pro se* complaint still does not comply with these pleading rules, and does not contain sufficient factual recitals to state a claim upon which relief may be granted, these allegations should be dismissed under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, in this case, the court has previously provided the plaintiff with an opportunity to amend these pleadings, but to no avail. This amended complaint still fails to state a viable civil rights cause of action, and actually repeat assertions that were previously found to be legally insufficient. Since the plaintiff has been afforded ample opportunity to correct the deficiencies identified in his prior complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the defective claims and improper parties named in this complaint be dismissed with prejudice. Since Fullman's amended complaint otherwise defies comprehension

or description, it is recommended that any remaining claims be dismissed, but without prejudice to one final effort by Fullman to file a proper amended complaint.

**III. <u>Recommendation</u>**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's amended complaint should be dismissed, and the following claims dismissed with prejudice:

1. All false arrest or malicious prosecution claims brought against police, prosecutors, judicial officials or any other defendants arising out of state conviction which have not been set aside.

2. All claims brought against the county prison, the county courts, local police departments state judges, prosecutors, prison and police supervisors, and private defense counsel.

Any remaining claims are DISMISSED without prejudice to Fullman attempting to file an amended complaint within 20 days of any dismissal order which complies with the guidance previously given to the plaintiff. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). <u>See e.g.</u>, <u>Biggins v. Danberg</u>, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); <u>Quirindongo v. Federal Bureau of Prisons</u>, No. 10-1742, 2011 WL 2456624

(M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint

may also be subject to a screening review by the court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of May 2013.

          *S/Martin C. Carlson*
          Martin C. Carlson
          United States Magistrate Judge